**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DEREK FRANKLIN**                                    **CIVIL ACTION**

**VERSUS**                                                   **NO:      12-2681**

**SOCIAL SECURITY ADMINISTRATION**     **SECTION: "F" (4)**

**REPORT AND RECOMMENDATION**

This is an action for judicial review of a final decision of the Commissioner of Social

Security pursuant to Title 42 of the United States Code § 405(g).[1]  The Commissioner denied Derek

Franklin's claim for Disability Benefits and Supplemental Social Security Income Benefits under

Title XVI of the Social Security Act, Title 42 United States Code § 1382c.

The matter was referred to the undersigned United States Magistrate Judge pursuant to Title

28 United States Code § 636(b) for the submission of Proposed Findings and Recommendations.

**I.     Factual and Procedural Summary**

Franklin filed the subject complaint seeking a review of the denial of his claim for Social

Security Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  Franklin is

a 41-year-old man with a General Educational Diploma ("GED") who worked as an account

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 24(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence section 205(g) of the Social Security Act.  42 U.S.C. §405(g)

manager and a personal chef.  He alleges that he is disabled as a result of a major depressive and anxiety disorder, bilateral pes planus, and  degenerative joint disease.[2]  On April 27, 2010 Franklin filed his initial claim for disability which was denied by the Social Security Administration  who determined that Franklin was not disabled as of  July 16, 2010.

Franklin filed a request for reconsideration of the claim on August 11, 2010 again seeking a disability determination based upon the same illnesses, injuries or conditions.[3]  On February 24, 2011, the Social Security Administration after reconsidering Franklin's application for Disability Insurance Benefits found that he was not disabled.[4]

On March 9, 2011, Franklin requested a hearing by the Administrative Law Judge ("ALJ").[5]  On November 14, 2011, the ALJ, Tom Daunn, ("ALJ") conducted the hearing by video in which Franklin appeared in Newport News Virginia and the ALJ presided over the hearing from Norfolk Virginia.[6]  Franklin  was willing to amend his alleged onset date of disability to December 22, 2009 which was denied by the ALJ.  In fact, the ALJ concluded that the proposed amendment by Franklin was only to be extended to the extent he received a favorable outcome, which was denied.  As a result, the ALJ used the original alleged onset date of February 21, 2008.[7]

The ALJ found that Franklin last met the insured status requirement of the Social Security Act  on December 31, 2009.  The ALJ noted that Franklin also alleged disability due to bilateral flat

---

[2]R. Doc.8-5,Tr. 120-126, Exhibit 2D, Application for Disability Insurance Benefits.

[3]R. Doc. 8-3,Tr. 62-72, Exhibit 3A, Disability Determination Explanation.

[4]*Id.*

[5]R. Doc. 8-2, Tr. 90-98,  Exhibit 4B, Request for Hearing by ALJ, 03/09/2011.

[6]R. Doc. 8-2, Tr. 7-23, ALJ Hearing Decision, 12/16/2011.

[7]*Id.*

fee / pes planus but concluded that the impairment though medically determinable, did not cause significant work related limitations through December 31, 2009.[8]  The ALJ also found that Franklin did not engage in substantial gainful activity during the period from his alleged onset of February 21, 2008 through his last date of insured of December 31, 2009.[9]

The ALJ further found that through the date of last insured, Franklin did not have an impairment or combination of impairments that met or medically equaled the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ( 20 C.F.R. § 404.1520(d), 404.1525 and 4041526).[10]  In reaching this conclusion the ALJ noted that between  2007 and early 2010 most of Franklin's alleged limitations in activities of daily living/social functioning were related to pain, not mental health concerns.

## II.   <u>Standards of Review</u>

The role of this Court on judicial review under Title 42 U.S.C. § 405(g) is limited to determining whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner applied the proper legal standards when evaluating the evidence. *See Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999).  The Court may not re-weigh the evidence, try issues *de novo*, or substitute its judgment for that of the Commissioner.  *Allen v. Schweiker*, 642 F.2d 799, 800 (5th Cir. 1981).  If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.  *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989).

"Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion.  It is more than a mere scintilla and less than a preponderance." *Ripley v. Chater,* 67

---

[8]*Id.*

[9]*Id.*

[10]R. Doc. 8-2, Tr. 15, ALJ Hearing Decision, 12/16/2011.

F.3d 552, 555 (5th Cir. 1995); *see Richardson v. Perales*, 402 U.S. 389, 401 (1971).  It must do more than create a suspicion of the existence of the fact to be established, but a lack of "substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "contrary medical evidence." *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973).

However, a single piece of evidence will not satisfy the substantiality test if the ALJ ignores, or fails to resolve, a conflict created by countervailing evidence.  Evidence is not substantial if it is overwhelmed by other evidence, particularly evidence offered by treating physicians.  *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983).

Finally, the Court "weigh[s] four elements of proof when determining whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnosis and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) his age, education, and work history." *Hendricks v. Apfel*, No. 99-1212, 2000 WL 174884, at *3 (E.D. La. Feb. 14, 2000) (*citing Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

The concept of disability is defined in the Social Security Act as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted  . . . for a constructive period of not less than twelve months."  42 U.S.C. §§ 416(i)(1), 423(d)(1)(A).   Section 423(d)(3) of the Act further defines "physical or mental impairment" as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. § 423(d)(3).

### III.   Analysis

#### A.   Diagnosed Pain Disorder: Severe Impairment

Franklin contends that  the ALJ erred at the Second Step of the Sequential Evaluation Process because he failed to consider whether his diagnosed pain disorder was a severe impairment.  Franklin contends that the medical evidence of his pain disorder with psychological factors and coupled with his general medical condition should have resulted in an impairment finding.

The Defendant contends that the ALJ correctly determined that Franklin's pain did not constitute a severe impairment.  The defendants further contend that the ALJ properly credited as severe the impairments supported by the medical signs and laboratory findings that could reasonably produce pain.

Title 20 C.F.R. § 404.1529 provides that statements about an individual's symptoms are not sufficient to establish a disabling physical or mental impairment.  *See* 20 C.F.R. § 404.1529. However, Social Security Ruling 96-7p provides that statements about symptoms and pain are not rejected solely due to lack of evidence.  Such other factors as activities of daily living, medication dosage and side-effects, and treatment and methods of alleviating pain are considered when determining the limiting effects of pain and symptomatology on the ability to work.  *See* 20 C.F. R. § 404.1529 (a)(c).

The record shows that the ALJ considered Franklin's alleged pain and physical limitations and found that they were unsupported by the objective medical findings and treatment history through the date last insured.[11]  The ALJ noted that Franklin had a large cervical disk herniation with

---

[11]R. Doc. 8-2, Tr. 17, ALJ Hearing Decision, 12/16/2011.

active radiculopathy, which was not diagnosed until 2011, after his date last insured expired.[12] Before then according to the ALJ, Franklin had cervical degenerative disc disease and spondylosis but no significant complications related to this impairment.

The ALJ pointed specifically to a physical examination finding of neck tenderness but no findings such as reduced cervical range of motion or upper extremity weakness and numbness.[13] The ALJ further noted that even in 2011, Franklin had strong grip strength, good muscle tone and good lower extremity reflexes strength and range of motion. The judge noted that while surgery may now be a possibility for his cervical spine, his prior treatment was entirely conservative and neither injections nor surgery have been recommended for his lumbar spine which showed no nerve impingement.

The ALJ further noted that while Franklin frequently reported severe pain due to bilateral foot impairments between 2007 and 2009, imaging studies did not show "severe" abnormalities: x-rays of his foot and ankle were negative, a CT scan of his right foot showed only minimal/minor degenerative changes, and a bone scan showed only "spotty" areas of increased accumulation in the tarsal region of his right foot and the first and second metatarsophalangeal joints (MTPJ") on his left foot, as well as a focused area of increased accumulated on his left near the taonavicular joint.[14]

His treatment for foot pain according to the ALJ was conservative in nature even though he used a cane which the judge questioned may not have been medically necessary particularly given the results of the imaging studies of his feet. The ALJ found that when Franklin reported severe pain, he did not appear to have significant problems with his vital signs, attention or concentration,

---

[12]*Id.* at. 18.

[13]*Id.* at. 18.

[14]*Id.*

suggesting that his pain was not severe enough to interfere with his ability to perform at least simple tasks.  During a podiatry exam in May 2010, the treatment note indicated that he was demonstrative of pain unless distracted which suggested to the ALJ that his pain has not been as limiting as he alleged.  As a result and considering the record, the ALJ found that Franklin could perform a limited range of light work through his date last insured.[15]

In reviewing the record and the ALJ's decision, the Court cannot say that the ALJ failed to consider the plaintiff's subjective complaints of pain and discomfort.  For example the ALJ did mention the symptoms that Franklin presented with in December 22, 2009 as well as the findings noting that they were inconsistent.  While Franklin suggests that the record showed evidence of back pain in 2007, Franklin's claim for disability according to his complaint did not begin until December 22, 2009.[16]

Further, the ALJ found that Franklin's  claim of disability due to pain and physical limitations were not supported by the objective medical evidence and treatment history.[17]  The ALJ also made reference to the podiatry exams and condition of his feet noting that the imaging studies did not confirm severe abnormalities.  Coupled with Franklin's credibility challenges and not being forthcoming to the ALJ or the Commissioner about his prior drug use, the Court finds that the ALJ's crediblity assessment is supported by the record.

**B.    ALJ's Residual Functional Capacity ("RFC") Assessment**

The plaintiff complains that the ALJ's decision regarding Franklin's RFC Assessment failed to factor in or include limitations from impairments associated with his foot and pain disorder.  The

---

[15]*Id.*

[16]*Id.*

[17]*Id.* at. 18.

plaintiff further contends that the evidence clearly establishes that plaintiff is unable to perform the RFC that was assessed by the ALJ and that the evidence also supports a finding that substantial evidence does not support the ALJ's decision.

The Commissioner in contrast, contends that the ALJ properly determined that the plaintiff could perform light work with the following additional limitations: no climbing of ladders, rope or scaffolds; no more than occasional balancing, stooping, kneeling, crouching, crawling and climbing of ramps and stairs; no concentrated exposure to heights and hazards; and no more than unskilled or low stress work.[18] The Commissioner contends further that the ALJ's determination that the plaintiff retained the mental capacity to work was not challenged and the only issue raised by the plaintiff is his concern about his ability to stand or walk sufficiently to perform light work. [19]

In accordance with 20 C.F.R. § 404.1545, the ALJ assessed Franklin's "residual functional capacity".  The term "residual functional capacity" is defined as "that which an individual is still able to do despite the limitations caused by his or her impairments."  *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999) (parentheses omitted) (citing 20 C.F.R. § 404.1545(a)).  The same residual functional capacity assessment is used at the fourth and fifth steps of the sequential evaluation process.  20 C.F.R. §§ 404.1545(a)(5)(i)-(ii), 416.945(a)(5)(i)-(ii).

According to the record, the ALJ found that Franklin had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) with limitations of no climbing of ladders, ropes or scaffolds; no more than occasional balancing, stooping, kneeling, crouching, crawling and and climbing of ramps and stairs; no concentrated exposure to heights and hazards, and no more than "unskilled" and "low stress" work defined as no production pace work with "unskilled" defined

[18]R. Doc. 16, p. 10-12, Defendant's Reply Brief, 05/17/13.

[19]*Id.*

8

worked with a vocational preparation of level 1-2.[20]  The ALJ noted that in making the finding, he considered all symptoms and the extent to which the symptoms could be accepted as consistent with the objective medical evidence which after considering the evidence, the ALJ found that while his impairments could reasonably be expected to cause the alleged symptoms, his statements regarding the intensity, persistence and limiting effects of the symptoms are not fully credible.[21]

The ALJ noted that Franklin's alleged pain and physical limitations are unsupported by the objective medical findings and treatment history through the date last insured.  The ALJ noted that while Franklin had a large cervical disk herniation with active radiculopathy his condition was not diagnosed until after.  The ALJ further noted that regarding the report of severe pain due to bilateral foot impairments between 2007 and 2009, there were no severe abnormalities noted upon imaging studies and the x-ray of his foot and ankle were negative with the bone scan showing spotty areas of increased accumulation in the tarsal region of his right foot. [22]

The treatment for his back and foot pain was conservative.[23]  The ALJ further noted that while Franklin reported severe pain, he did not appear to have significant problems with his vital signs, attention or concentration suggesting that his pain was not severe enough to interfere with his ability to perform at least simple tasks.  The ALJ also questioned the reliability of his complaints of pain as a result of a podiatry exam which occurred in May 2010 where the record indicates that

---

[20]*Id.*

[21]*Id.* at 7-8.

[22]R. Doc. 16, p. 5, Defendant's Reply Brief, 05/17/13.

[23]*Id.* at 7.

his pain presentation was inconsistent as it was noted that he demonstrated pain unless he was distracted which suggested that his pain is not limiting as Franklin suggests. [24]

The record shows that the physical residual functional capacity performed by Dr. Cader supports the ALJ's findings that Franklin should never climb ladders ropes or scaffolds.[25]  The decision is also supported by the RFC which provides for  postural limitations including occasionally balancing stooping kneeling and crouching and crawling.[26]  Although not specifically referenced in the ALJ's decision, the RFC exertional limitation  supports the conclusion that Franklin could stand and walk for six out of eight hours a day.[27]

Having reviewed the record, the Court finds that contrary to Franklin's contention his pain and foot problem were considered by the ALJ.  The ALJ however discounted Franklin's pain complaints due to his inconsistent demonstration of pain.  Consequently, while not expressly stated, the Court finds that the ALJ's RFC assessment is supported by substantial evidence.

## C.    Controlling Opinions of the Treating Physicians

Franklin contends that the ALJ inappropriately disregarded the treating physician findings and instead gave significant weight to non-treating, non-examining state agency physician opinions. Franklin further contends that the ALJ did not provide any good reasons or consider each of the 20 C.F.R. § 404.1527(c)(2) factors before declining to give his treating physicians' opinions controlling weight.[28]

---

[24]R. Doc. 14, p. 5-7, Plaintiff's Brief in Support of Claim for Relief, 04/01/13.

[25]R. Doc. 8-3, P.68, Physical Residual Functional Capacity Assessment, 02/24/11.

[26]*Id.*

[27]*Id.*

[28]R. Doc. 14, p. 5-7, Plaintiff's Brief in Support of Claim for Relief, 04/01/13.

The Commissioner contends that the ALJ properly evaluated and weighed the physicians' opinion as he determined that he gave only slight weight to Dr. Galloway's opinion because the record did not contain any treatment notes from him.[29]  The Commissioner contends that the ALJ appropriately considered the findings of Dr. DeMarco however he noted that Franklin's clinical tests contradicted the disabling limitations and noted that they only showed mild degenerative changes.[30]

Unless good cause is shown to the contrary, "the opinion, diagnosis, and medical evidence of the treating physician, especially when the consultation has been over a considerable amount of time, should be accorded considerable weight." *Perez v. Schweike*, 653 F.2d 997, 1001 (5th Cir. 1981).  For the ALJ to give deference to a medical opinion, however, the opinion must be more than conclusional and must be supported by clinical and laboratory findings. *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir.1985); *Oldham v. Schweiker*, 660 F.2d 1078 (5th Cir. 1981).  Indeed, "[a] treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence.'" *Newton*, 209 F.3d at 455 (quoting *Martinez*, 64 F.3d at 176).

Under the regulations, a treating physician may offer an opinion which reflects a judgment about the nature and severity of the claimant's impairments including the claimant's symptoms, diagnosis and prognosis, and any physical or mental restrictions. *Martinez*, 64 F.3d at 176; 20 C.F.R. § 404.1527(a)(2). The ALJ must give controlling weight to the opinion of a treating physician if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and

---

[29]R. Doc. 16, p. 6, Defendant's Reply Brief, 05/17/13.

[30]*Id.*

is not inconsistent with . . . other substantial evidence." *Martinez*, 64 F.3d at 176; (citing 20 C.F.R. § 404.1527(d)(2)).

The opinion of a medical specialist is generally accorded more weight than opinions of non-specialists. *Id.* " '[T]he Commissioner is free to reject the opinion of any physician when the evidence supports a contrary conclusion.'" *Martinez*, 64 F.3d at 175 (quoting *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)).

The relevant criteria to consider provides that the ALJ consider (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *See* 20 C.F. R § 404.1527.  Further, regardless of the opinions and diagnoses of medical sources, "the ALJ has sole responsibility for determining a claimant's disability status." *Martinez*, 64 F.3d at 176.

### 1.      Dr. Galloway

The record shows that Dr. Galloway wrote a letter dated October 25, 2009 in which he noted that Franklin reported to him that he has anxiety and depression as a result of constant pain brought on by injuries to his feet, legs and back.[31]   Dr. Galloway noted Franklin's complaints of sleeplessness, over medication in an attempt to regulate it and irritability.[32]   He also noted that Franklin was having a difficult time getting along with others and could see no way out of the situation according to Dr. Galloway.[33]  Dr. Galloway concluded that Franklin was unable to work

---

[31]R. Doc. 14, p. 5, Plaintiff's Brief in Support of Claim for Relief, 04/01/13.

[32]R. Doc. 8-2, p.16-17.

[33]*Id.*

as a chef at that time and therefore should be considered for disability consideration.[34]  He noted that

Franklin would consult with him for his condition and that he diagnosed him with major depressive

disorder with anxiety.  Dr. Galloway further noted that Franklin had a poor prognosis.

The ALJ considered the letter of Dr. Galloway as well as his statements and the fact that

Franklin had a low GAF score.[35]  The ALJ concluded however that this factors only reflected a

snapshot of Franklin's mental health.[36]  The ALJ pointed out further that other than these statements

that Dr. Galloway did not have any treatment notes or other medical records to provide for

Franklin's social security claim.  The ALJ noted that Dr. Galloway's opinion only addressed

Franklins ability to work in his past job as a chef but went on to suggest  that Franklin is disabled

from all jobs.  The ALJ noted that Dr. Galloway is silent as to whether he is disable from all jobs

and did not provide a residual functional capacity assessment or address the extent of the claimants

impairments in more than broad terms.[37]  As a result, the ALJ gave Dr. Galloway's statements only

slight weight.[38]

Having reviewed the record and confirming the scope of the letter plus the acknowledgment

in the record by Dr. Galloway that he had no treatment records on Franklin, the court finds that the

ALJ's decision to assign only slight weight to Dr. Galloway's opinion is supported by record.[39]

---

[34] *Id.*

[35]The GAF or Global Assessment of Functioning, represents a mental health professional's judgment regarding an individual's overall level of functioning based upon a hypothetical continuum of mental-health illness with ratings from 0 to 100. American Psychiatric Association: Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition, Text Revision, Washington, D.C. 2000.

[36]R. Doc. 8-2, p.17

[37]*Id.*

[38]*Id.*

[39]*Id.*

Further given that there are no treatment records that would provide support for Dr. Galloway's treatment of Franklin, the ALJ was precluded from considering (1) the physician's length of treatment of the claimant with Dr.Galloway; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of record; (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician. *See* 20 C.F.R. § 404.1527. In the absence of medical evidence being available for the ALJ to review in accordance with 20 C.F.R. § 404.1527, the ALJ's decision to assign only slight weight to Dr. Galloway's opinion is supported by record.

### 2.  <u>Dr. Michael DeMarco</u>

Franklin also contends that the ALJ erred when he failed to give weight to the findings of Dr. Michael DeMarco his treating podiatrist.[40] According to Franklin, the record contains a medical examination note from July 2008 in which Dr. DeMarco provided an opinion about Franklin's functional limitations related to his foot impairment.[41] Franklin contends that the ALJ failed to give any weight to this earlier opinion which constitutes error requiring a remand.[42]

The defendants contend that contrary to Franklin's assertions, the ALJ did consider all of the medical evidence of the treating podiatrist, Dr. DeMarco.[43] The defendant contends that the ALJ summarized all of the evidence regarding his foot impairment, citing to treatment notes of the podiatrist, and concluding that the evidence, when considered as a whole, did not establish that Franklin's foot impairment was in fact disabling.

---

[40]R. Doc. 14, p. 6, Plaintiff's Brief in Support of Claim for Relief, 04/01/13.

[41]*Id.*

[42]*Id.*

[43]R. Doc. 16, Defendant's Reply Brief, 05/17/13.

Franklin is generally correct that treating physician's opinions should be given great weight. *Martinez*, 64 F.3d at 176 (*citing Greenspan v. Shalala,* 38 F.3d 232, 237 (5th Cir.1994)).  The Fifth Circuit, however, has distinguished, between the weight given to a treating physician's medical opinion on the nature and severity of an impairment and his opinion on whether the patient is disabled and cannot work.  *Miller v. Barnhart*, 211 Fed. Appx. 303, 305 (5th Cir. Dec. 27, 2006) (*citing Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003)).

In the Fifth Circuit Court, an ALJ is not required to justify a decision to give little weight to a physician's opinion that a patient is disabled or unable to work, because such a decision is reserved for the Commissioner.  *Frank*, 326 F.3d at 620.  An ALJ need not give special weight to a treating physician's opinion if it has no special significance.  "Among the opinions by treating doctors that have no special significance are determinations that an applicant is 'disabled' or 'unable to work.' 20 C.F.R. § 404.1527(e)(1).  These determinations are legal conclusions that the regulation describes as 'reserved to the Commissioner.'"  *Id.*

In his opinion, the ALJ noted that  Franklin frequently reported severe pain due to bilateral foot impairments between 2007 and 2009, imaging studies did not show "severe" abnormalities: x-rays of his foot and ankle were negative, a CT scan of his right foot showed only  minimal/minor degenerative changes, and a bone scan showed only "spotty areas of increased accumulation in the tarsal region of his right foot and the first and second MTPJ joints on his left foot as well as a focused area of increased accumulation on his left foot near the taonavicualar joint.[44]  Like his treatment for back pain, his treatment for foot pain was also conservative, and even though he used

---

[44]R. Doc. 8-1,  Tr. 18, ALJ Hearing Decision, 01/31/2013.

15

a cane, it was questionable whether the cane was medically necessary particularly given the results of the imaging studies of his feet.[45]

The ALJ noted that when Franklin reported severe pain, he did not appear to have significant problems with his vital signs, attention, or concentration, suggesting that his pain was not severe enough to interfere with his ability to perform at least simple tasks. [46] The ALJ noted that during a podiatry exam in May 2010, just a few months after his date last insured expired, his pain presentation was inconsistent and his treatment note indicated that he was demonstrative of pain until he was distracted, which suggests that his pain has not been as limiting as he now alleges.[47]

In reviewing the record however, the podiatrist notes contain a functional limitation on standing noting that Franklin was unable to stand for more than a few minutes.[48]  He also provided Franklin with a functional limitation on walking as he was unable to walk  for more than a few yards.  The record further notes that Franklin was wearing corrective shoes, with an orthotic insert and a cane which according to the doctor were all needed because he suffered with a painful pes planus.[49]  The doctor further noted that Franklin was using a cam walker on his right foot for the painful planus.[50]

---

[45]*Id.* at. 18.

[46]*Id.*

[47]*Id.*

[48]R. Doc. 14, p. 6, Plaintiff's Brief in Support of Claim for Relief, 04/01/13.

[49]R. Doc. 8-7, Tr. 298, Page 68.

[50]*Id.*

The medical records note that Franklin was diagnosed with a history of flat feet.  On April 26, 2007, an x-ray and examination of Franklin's feet were conducted. [51]  The doctor compared the study of the feet from September 29, 1998 and found that the joint spaces of both the right and left feet were well maintained with no fracture or dislocation seen in either foot.  The plantar arch was preserved with no significant change. [52] The final diagnosis of the foot was normal.  They did not have any standing or weight bearing anteror-posterior ("AP") and lateral views of his feet available.[53]

A CT scan of the right foot without contrast was conducted on July 19, 2007. [54]  The findings show no fractures, no focal bone lesions, joint spaces intact with tiny dorsal spurs seen in the navicular articular surface of the taonavicular joint and in the cuboid.[55]  There was a tiny erosion in the  head of the fifth metatarsal. [56] A dorsal talar beak is noted, corticated small bone fragments are seen adjacent  to the medial malleolus and in the subtalar joint which could be secondary to old bone or soft tissue injury with ossification. No discrete soft tissue abnormality was noted. [57]

 Further, the ALJ references Exhibit 4F, p. 45-46, 84-85 as support for the conclusion that while he reported severe pain, Franklin did not appear to have significant problems with his vital signs, attention or concentration suggesting that the pain was not severe which is confirmed by the

---

[51]R. Doc. 8-7, Tr. 337, Progress Notes, South East Louisiana Veterans Hospital, 04/26/2007.

[52]*Id.*

[53]*Id.*

[54]R. Doc.8-7, Tr. 302, Page 72,  Progress Notes, South East Louisiana Veterans Hopsital, 07/19/2007.

[55]*Id.*

[56]*Id.*

[57]*Id.*

record.[58]   Further the record also supports that the ALJ's conclusion  that Franklin was

demonstrative of pain unless distracted as referenced in the medical records of April 12, 2010.[59]

The ALJ considered the medical evidence of record regarding his treatment for his feet,  but

there is no indication that the ALJ considered the limitations noted by Dr. DeMarco.[60]  The Fifth

Circuit Court has made clear that an ALJ need not give special weight to conclusions about

disability or the ability to work.  *Frank,* 326 F.3d at 620.  The ALJ did not err in that regard.  Even

if Dr. DeMarco's opinion was supported by substantial evidence, as Franklin stresses, the ALJ was

not required to give them special weight in assessing his record. Thus, contrary to the assertions of

Franklin, the ALJ was not require to give great weight to Dr. DeMarco's disability opinion.

### D.   Evaluation of the Plaintiff's Credibility

Franklin next contends that before making his RFC determination, the ALJ made a

credibility assessment regarding Franklin's subjective complaints of pain and discomfort.[61]  He

alleges that the ALJ determined that Franklin medically determinable impairments could reasonably

be expected to cause his alleged symptoms but he determined that the intensity, persistence and

limiting effects of his symptoms were not credible.[62]  Specifically, Franklin contends that the ALJ

improperly evaluated his complaints of disabling back pain, his extensive history of foot problems,

and the severity or limiting effects of his pain.[63]

---

[58]R. Doc. 8-7,  Tr. 408, Page 39, Consult Requests, Veterans Administration Medical Clinic, 04/12/2010.

[59]*See id.*

[60]R. Doc. 8-2, Tr. 18, Page 8, ALJ Hearing Decision, 12/16/11.

[61]R. Doc. 14,  p. 6,  Plaintiff's Brief in Support of Claim for Relief, 04/01/13.

[62]*Id.*

[63]*Id.* at 8.

18

In contrast, the  defendant alleges that the evidence supports the ALJ's determination that Franklin's subjective complaints were not fully credible.[64]  The defendant points out that Franklin raised no issue with the determination concerning the credibility of his psychological symptoms and nor does he address his misrepresentations concerning his illicit drug use.[65]

An ALJ has discretion to judge a claimant's credibility and must evaluate subjective complaints in light of the objective medical evidence on record.  *Foster v. Astrue*, 277 Fed. App'x 462, 464 (5th Cir. May 08, 2008).  Credibility determinations are generally entitled to great deference.  *Newton v. Apfel,* 209 F.3d 448, 459 (5th Cir. 2000); *see Gonzales v. Astrue*, 231 Fed. Appx. 322 (5th Cir. May 15, 2007) (adverse credibility determination made by an ALJ with respect to claimant seeking social security disability benefits was supported by inconsistencies in claimant's testimony and between claimant's testimony and documentary evidence).

While credibility issues are for the Commissioner and not the courts to resolve,  *Martinez,* 64 F.3d at 172, a credibility determination based entirely on mistaken facts is not supported by substantial evidence and is subject to reversal by this Court.  *See Ripley*, 67 F.3d at 555 (noting that an ALJ's findings of fact must by supported by substantial evidence); *see also*, 42 U.S.C. §§ 405(g), 1383(c)(3) (same).

An ALJ has discretion to judge a claimant's credibility and must evaluate subjective complaints in light of the objective medical evidence on record.  *Foster v. Astrue*, 277 Fed. Appx. 462 (5th Cir. May 08, 2008).  Credibility determinations are generally entitled to great deference. *Newton v. Apfel,* 209 F.3d 448, 459 (5th Cir. 2000); *see Gonzales v. Astrue*, 231 Fed. Appx. 322 (5th Cir. 2007) (adverse credibility determination made by an ALJ with respect to claimant seeking social

---

[64]R. Doc. 16, P. 7, Defendant's Reply Brief, 05/17/13.

[65]*Id.*

security disability benefits was supported by inconsistencies in claimant's testimony and between claimant's testimony and documentary evidence).

 According to the record, the ALJ noted that Franklin was 41 years old on the last date of insured with a GED and past relevant work as an account manager although he last worked not as an account manager but as a personal chef in 2007.[66]  The ALJ noted that Franklin was a veteran of the U.S. Military with active service between 1992-1994 and several service connected disabilities.[67]  The ALJ noted also that Franklin's disability rating for depression and anxiety was primarily based upon the December 22, 2009 psychological examination during which he reported problems with pain, depressive symptoms such as lack of energy, thoughts of suicide and irritability and anxiety-related symptoms such as avoidance of social situations and fear of vulnerability due to physical disability.[68]  He noted that Franklin presented as lethargic, slow and depressed.

The ALJ noted that while Franklin had work-related functional limitations, his heavy reliance on his VA military disability ratings were somewhat  misplaced in the social security context. The ALJ  pointed out that he was not bound by the disability determination by another governmental agency as the standards may be different.[69]  The ALJ further noted that Franklin was less than forthcoming about his use of illicit drugs which raised credibility concerns.  The ALJ also noted that before 2010,  Franklin admitted to some alcohol use and reported that he was charged with marijuana use in the military and also charged and sentence with cocaine possession after his

---

[66]  R. Doc. 8-2, Tr. 18, Page 8, ALJ Hearing Decision, 12/16/11.

[67] *Id.*

[68] *Id.*

[69] *Id.*

discharge.[70]    However, Franklin consistently denied he had a history of using  or abusing illicit substances, either in the past or present to the ALJ and also that he had any problems either in the present or in the past with alcohol or other drugs in both 2010 and 2011.[71] The ALJ further noted as of August 2011 he was treated as having a current polysubstance abuse issue even though he denied use of illicit substances for over twenty years.[72] The ALJ therefore concluded that  in light of Franklin's credibility issues regarding his drug use as well as his mental health history and recent improvements, the State agency's mental residual functional capacity assessments appeared to be a more reasonable and accurate  reflection of his abilities through his date last insured.

Having considered the ALJ's finding and Franklin's lack of transparency regarding his drug use, the Court finds that the ALJ's finding that Franklin lacked credibility is supported by the record and based upon substantial evidence.  Further the degree to which Franklin references his prior back problem in 2007 as evidence of longevity of the problem, the record shows that Franklin also claimed that the onset date of his disability was in December 2009, the date from which the ALJ was required to begin his review.  The Court further points out that the ALJ's opinion does in fact consider Franklin's impairments in addition to his credibility. The Court finds that the State agency's mental residual functional capacity assessment, which is also based on substantial evidence, is more reasonable.

---

[70] *Id.*

[71] *Id.*

[72] *Id.*

E.       **Hypothecial Question to Vocational Expert ("VE")**

Franklin next contends that the Vocational Expert did not include all of the plaintiff's impairments that were recognized by the ALJ.[73]  Franklin alleges that although the ALJ recognized that he had severe impairments, and included limitations related to his mental capacity and back impairments, he failed to include the limitations regarding his severe degenerative arthritis of his feet and pain disorder.[74]

The Commissioner contends that the hypothetical question that the ALJ gave to the Vocational Expert incorporated all of Franklin's impairments.   The commissioner further contends that the ALJ provided counsel for Franklin the opportunity to cross-examine the vocational expert to  include additional limitations, but counsel declined to do so.

The Fifth Circuit has held that a hypothetical question posed to the vocational expert by the ALJ must reasonably incorporate "all disabilities of the claimant recognized by the ALJ." *Bowling v. Shalala,* 36 F.3d 431, 436 (5th Cir. 1994).  If this is not the case, "a determination of non-disability based on such a defective question cannot stand."  *Id.*  Furthermore, responses of vocational experts are relevant only to the extent offered in response to hypotheticals corresponding to medical evidence of record.  *See e.g., Arocho v. Sec'y of Health & Human Servs.,* 670 F.2d 374, 375 (1st Cir. 1982).

There are exceptions to the rule noted above.   Failure to include some symptoms of impairments in a hypothetical is not error when there is no evidence that the symptoms interfere with the claimant's ability to work. *Jordan v. Heckler,* 835 F.2d 1314, 1316 (10th Cir. 1987).  Reliance on a vocational expert's testimony elicited by a hypothetical question that includes only those

---

[73] R. Doc. 14, P. 9, Plaintiff's Brief in Support of Claim for Relief, 04/01/13.

[74] *Id.*

impairments that the ALJ has found to be credible is not error. *Hunter v. Chater*, 895 F. Supp. 1454, 1463 (D. Kan. 1995).

Finally, any potential error in omitting additional symptoms of impairments in a hypothetical question is minimized when the claimant is represented by counsel at the administrative hearing and is given a chance to amend the hypothetical question to ensure that it includes all necessary symptoms. *Reyes v. Barnhart*, CIV.A.01-0032, 2002 WL 1492208, at *6 (W.D. Tex. Mar. 31, 2002)(*citing Bowling,* 36 F.3d at 436.) (In *Reyes*, counsel focused on a condition not developed in the record and not deemed an impairment.).

The hypothetical question posed to the VE asked whether any jobs exist for a hypothetical person of the plaintiff's age, education and work experience with the following limitations: "Light work, occasional ramps and stairs, no ladder, ropes or scaffolds, occasional balancing, stooping, kneeling crouching and crawling.[75] No concentrated exposure to heights or hazards; and unskilled work defined as SVP 1 and 2; loss stress defines as no production pace. [76]  In response to the hypothetical question, the VE testified that the hypothetical person could perform work as a routing clerk with 76,000 jobs in the national economy and 3,000 in the regional economy; cafeteria attendant with 125,000 in the national economy and 3,500 in the regional economy; and as a laundry sorter with 50,000 in the national economy and 500 in the regional economy.[77]

The ALJ also asked the VE to assume that the individual would be off task 20 percent of the time due to symptoms from mental limitations and whether there were jobs he would be able to do.

---

[75] R. Doc. 8-2, P. 45, Transcript of Oral Hearing, 11/14/11.

[76] *Id.*

[77] *Id.*

If the person had a mental limitation, the VE concluded that there would be no work for the person.[78] Thereafter the ALJ offered counsel for Franklin the opportunity to question the VE and he declined.[79]

As evaluated above, the physical RFC provided and relied upon by the ALJ does factor in postural limitations which included the limitations associate with Franklin's feet. The RFC further indicates that Franklin would be able to walk for six out of eight hours a day and it further forms the basis for the limitations included in the hypothetical the ALJ gave to the VE.

Further even if the ALJ did not include all of the limitations in the hypothetical question, counsel for Franklin was given the opportunity to supplement the hypothetical and declined to do so. The Court therefore finds that the hypothetical posed by the ALJ to the VE did incorporate all of the limitations such that the hypothetical was not defective. Further, any error by not mentioning the limitations imposed by his foot disorder which resulted in the limitations does not constitute error, because counsel for Franklin declined to supplement the hypothetical.

## IV.   **Recommendation**

**IT IS THEREFORE RECOMMENDED** that the Commissioner of Social Security's final decision denying Plaintiff, Derek Franklin ("Plaintiff") claim for Disability Benefits and Supplemental Social Security Income Benefits under Title XVI of the Social Security Act, under Title 28 U.S.C. § 1382(c), be **AFFIRMED** as its decision was based on substantial evidence, pursuant to Title 42 U.S.C. § 405(g).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within FOURTEEN (14) days**

[78] *Id.*

[79] *Id.* at 47.

after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)

New Orleans, Louisiana, this 23rd day of September, 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**